NO. 07-05-0454-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 24, 2006


______________________________



HAL GREGORY GUZINSKY, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 49,024-D; HON. DON EMERSON, PRESIDING


_______________________________



Anders Memorandum Opinion


_______________________________


Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Hal Gregory Guzinsky (appellant) appeals his conviction for criminal non-support. 
Pursuant to a plea of guilty, and with the benefit of an agreed recommendation from the
State for deferred adjudication, the trial court followed the agreed recommendation and
placed appellant on community supervision for a period of four years. Subsequently, the
State moved to adjudicate appellant's guilt, and a hearing was held on the motion. 
Appellant admitted several of the allegations that were contained in the motion. 
Furthermore, appellant and the State had reached an agreement as to punishment. 
Thereafter, the trial court found appellant guilty, followed the agreed recommendation, and
sentenced appellant to 12 months in a state jail facility. Appellant appealed.

 Appellant's appointed counsel filed a motion to withdraw, together with an Anders (1)
brief wherein he certified that, after diligently searching the record, he concluded that the
appeal was without merit. Along with his brief, appellate counsel attached a copy of a letter
sent to appellant informing him of counsel's belief that there was no reversible error and
of appellant's right to file a response or brief pro se. By letter dated March 21, 2006, this
court also notified appellant of his right to tender his own brief or response and set April
20, 2006, as the deadline to do so. To date, appellant filed neither a response, brief or a
request for an extension. 

 In compliance with the principles enunciated in Anders, appellate counsel discussed
various areas for possible appeal and then satisfactorily explained why each lacked merit. 
We also conducted our own review of the record to assess the accuracy of appellate
counsel's conclusions and to uncover any error, reversible or otherwise, pursuant to
Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). It not only confirmed the
accuracy of appellate counsel's representations but also failed to reveal any error. 

 Accordingly, the motion to withdraw is granted, and the judgment is affirmed. 



 Brian Quinn

Do not publish. Chief Justice

1. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).


 pursuant to section 11.01 of article 4590i.


We have also asked for, and received, a response to appellants' motion from appellees. 
See Tex. R. App. P. 49.2.

 Because our disposition of appellants' first issue does conflict with the decision of
the supreme court in Columbia Hospital Corporation, which was decided after this appeal
was perfected, we are obligated to answer both the questions affirmatively. Accordingly,
appellants' motion for rehearing is granted to that extent. The parties have agreed that if
this motion is granted, the adjusted damage cap applicable to the judgment would be
$1,413,008.13. They have also agreed that the amount of $1,413,008.13 was calculated
by adjusting the $500,000 statutory limitation by the Bureau of Labor Statistics' consumer
price index identified as "C.P.I.-W," the index for urban wage earners and clerical workers,
rather than the consumer price index identified as "C.P.I.-U," the consumer price index for
all urban consumers, pursuant to section 11.01 of article 4590i.

 We remain satisfied with the disposition and discussion of the issues presented in
this appeal, with the exception of that portion of the opinion to which the motion for
rehearing was directed. Accordingly, we grant appellants' motion for rehearing as
provided above.

 A portion of the decretal provision of the judgment of the trial court is modified to
provide that appellees recover damages in the amount of $1,413,008.13 from appellants
Cresthaven Nursing Residence; Cantex Healthcare Centers d/b/a Cresthaven Nursing
Residence; Bratex, Inc.; Gamtex, Inc., Medco Medical Services; Ontex, Inc.; and Amlon
U.S.A., Inc., jointly and severally, in the amount of $1,413,008.13, together with interest
thereon at the rate of 10% per annum from August 30, 2001, until paid. Tex. R. App. P.
43.2. As modified, the judgment of the trial court is affirmed.


 John T. Boyd

 Senior Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).